**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4833**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRY LYNN MOORE,

Defendant - Appellant.

---

**No. 03-4834**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MYRA FAULKNER MOORE,

Defendant - Appellant.

---

Appeals from the United States District Court for the Western District of Virginia, at Danville.  Norman K. Moon, District Judge. (CR-02-67)

---

Submitted:  May 27, 2004

Decided:  June 2, 2004

---

Before WIDENER, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Rhonda Lee Overstreet, LUMSDEN, OVERSTREET & HANSEN, Roanoke, Virginia; J. William Watson, WATSON, MORRISON & MILLER, P.C., Halifax, Virginia, for Appellants. John L. Brownlee, United States Attorney, Roanoke, Virginia, Jennie L. M. Waering, Assistant United States Attorney, Thomas E. Booth, DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Terry L. Moore (No. 03-4833) (Terry), and Myra F. Moore (No. 03-4834) (Myra) appeal from their jury convictions and sentences for conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 371 (2000), mail fraud, in violation of 18 U.S.C. 1341 (2000), and wire fraud, in violation of 18 U.S.C. § 1343 (2000). The charges stemmed in part from a series of financial transactions made by the Moores when Terry, the treasurer of Saint Paul Pentecostal Holiness Church (Church), wrote checks on the Church's checking account for their personal expenses. The district court sentenced Terry to twenty-seven months' imprisonment, Myra to twenty-one months' imprisonment, sentenced them both to three years of supervised release, and ordered $75,000 restitution to the Church, payable jointly. On appeal, the Moores claim insufficiency of the evidence and claim the district court erred in its fraud-loss determination and in enhancing the Moores' offense levels for obstruction of justice. We affirm the Moores' convictions and sentences.

In evaluating a sufficiency of the evidence challenge, the jury verdict must be upheld if there exists substantial evidence, including circumstantial and direct evidence, to support the verdict, viewing the evidence most favorable to the government. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). In resolving issues

of substantial evidence, we do not weigh evidence or review witness credibility, United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989), rather, the credibility of witnesses is within the sole province of the jury. United States v. Lamarr, 75 F.3d 964, 973 (4th Cir. 1996). We may reverse a jury verdict only when there is a complete absence of probative facts to support the jury's conclusions. Sherrill White Constr., Inc. v. South Carolina Nat'l Bank, 713 F.2d 1047, 1050 (4th Cir. 1983).

Here, there was ample evidence to support the jury's verdict. The evidence demonstrated that wire and mailings related to the Moores' VISA, Staples, and Office Max accounts, accounts established by the Moores in the name of, and without notification to or authorization by, the Church, were used to purchase goods for their personal use, including Terry's personal tuition expenses, his son's eyeglasses, and a number of retail, gas, and convenience store purchases. Additional evidence, construed in the light most favorable to the Government, established that the Moores paid their home business printing expenses with Church funds. The Moores made expenditures for a computer, printer, computer scanner, cordless system, safe, and computer tax program on the charge cards they had issued on the Church accounts, which expenditures were neither authorized by, nor delivered to, the Church. The Government introduced evidence that the Moores charged the Church excessive amounts for printing the Church's bulletins after Terry informed

the Church that he would print the bulletins without charge to the Church. Terry wrote checks to himself and to Myra from the Church's account for personal expenses, including the payment of personal and business telephone bills. Myra was not a member of the Church, and her forgery of Terry's name on some of the checks, use of the Church VISA card, and incriminating statement to a Church official that she would pay back the money with a bank loan is evidence of her participation in the scheme to defraud the Church. Terry's omission of the purpose of the expense on many checks, false statements to Church officials, and willful destruction of incriminating financial records are further evidence of his active participation in the scheme to defraud the Church. We find this evidence overwhelmingly sufficient to support the jury's verdict.[*]

The Moores next assert that the district court erred in its finding that the fraud-loss amount exceeded $70,000. We review for clear error the sentencing court's fraud-loss determination. United States v. Pasquantino, 336 F.3d 321, 336 (4th Cir. 2003). We find that the district court's finding as to the amount of loss is fully supported by the testimony of FBI Financial Analyst Vicki Warner, who testified as to her conclusion that the loss to the

---

[*]While the Moores claim on appeal, as they did at trial, that the Government's evidence only established that the purchases were made without pre-authorization by the Church, this claim is undercut by the evidence introduced by the Government.

Church was $99,791.93, based upon her review of the financial records.

The Moores' final claim on appeal is that the district court clearly erred in its enhancement of their sentence for obstruction of justice pursuant to U.S. Sentencing Guidelines Manual § 3C1.1 (2002). We find the enhancement to be proper based on the Moores' civil lawsuit against Church officials, filed in an effort to force Church officials to reconsider their decision to institute criminal action against the Moores, and their production of a document to the sheriff in which they claimed the officials had no authority to seek criminal charges against them on the Church's behalf.

Accordingly, we affirm the Moores' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED